# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurzie Lee Curtis, | No. CV-20-08098-PCT-JJT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, | |
| Respondent. | |

At issue is the Report and Recommendation (Doc. 24)("R&R") submitted by United States Magistrate Judge Deborah M. Fine, recommending that the Court dismiss the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 10) and deny Petitioner's Motion Requesting Bail Pursuant to FRAP 23(c) (Doc. 18). Petitioner filed a timely Objection (Doc. 25) and Respondent filed a Response to the Objection (Doc. 26.)[1] The Court will overrule the Objection, adopt the R&R, deny the Motion Requesting Bail and dismiss the Amended Petition.

. . . .

---

[1] Petitioner also filed a "Response to Respondent's non-Factual Allegations and Incorrect Legal Interpretations and False Accusations" (Doc. 27), which Petitioner claims he is entitled to submit because, according to Petitioner, he "is entitled to the final reply," and Respondents are "not entitled to continuous rebuttals to contradict or oppose Petitioner's factual proof." (Doc. 27 at 1.) Neither of Petitioner's assertions are accurate or supported by rule or law. Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 provide that a party may file objections to the Magistrate Judge's R&R and that the opposing party may file a response to the objections. Neither Section 636 nor Rule 72 provides a right of response or reply to the response to the objection. The Court nonetheless read Petitioner's unauthorized submission. Though very lengthy, it offers no additional support for Petitioner's position, and merely repeats arguments and assertions previously made.

Judge Fine correctly concluded that Petitioner's claims are unexhausted, as he did not raise them with the state court in any of his three attempts at PCR review, and now procedurally defaulted, in that he is precluded by both state rule and the passage of time from returning to the state court for such review. Although Petitioner argues at length—for 43 largely single spaced pages in his first Response and 21 more pages in his second response—that the Court should find cause to excuse his procedural default, Judge Fine correctly concludes under the facts present here that Petitioner has failed to show such cause. Petitioner failed to provide an explanation, satisfactory or otherwise, for his failure to file a petition for review in the state appellate court after the state trial court dismissed his third PRC proceeding, dismissed his misfiled petition for review, and then gave him a 60 day extension of time to properly file such petition after calling out that issue and its remedy.

Because the Court will dismiss the Amended Petition, it must and will deny the Motion for bail.

IT IS ORDERED overruling Petitioner's Objections (Doc. 25) and adopting in whole the R&R submitted by Judge Fine (Doc. 24).

IT IS FURTHER ORDERED dismissing the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 10).

IT IS FURTHER ORDERED denying Petitioner's Motion Requesting Bail Pursuant to FRAP 23(c) (Doc. 18).

IT IS FURTHER ORDERED denying a Certificate of Appealability. Dismissal of the Amended Petition is justified by a plain procedural bar. The Court finds that reasonable jurists would not find the procedural ruling debatable.

Dated this 8th day of February, 2021.

Honorable John J. Tuchi
United States District Judge